UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | S2 15 Cr. 95-023 (AJN) |
| - v. - | : | |
| JAFAR BORDEN, | : | |
| *Defendant.* | : | |

------------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF 28 U.S.C. § 2255
## MOTION TO VACATE CONVICTION

                                                  Sarah Baumgartel
                                                  Federal Defenders of New York
                                                  52 Duane Street, 10th Floor
                                                  New York, New York 10007
                                                  Tel.: (212) 417-8772
                                                  Counsel for Jafar Borden

TO:    Geoffrey Berman, Esq.
          United States Attorney
          Southern District of New York
          One St. Andrew's Plaza
          New York, New York 10007
          Attn: AUSA Jessica K. Feinstein
.

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................... 1

    A. Mr. Borden's Conviction and Sentence ......................................................... 1

    B. Post-Conviction Proceedings ......................................................................... 3

    C. The Supreme Court's Decision in *United States v. Davis* ........................... 4

ARGUMENT ................................................................................................................ 6

    I. Applicable Law ............................................................................................... 6

        A. The Standard for Relief Under 28 U.S.C. § 2255 ........................................ 6

        B. The Categorical Approach to Crimes of Violence ....................................... 7

    II. Mr. Borden's § 924(c) conviction should be vacated. ...................................... 8

CONCLUSION ........................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Davis v. United States,*
  No. 18 Civ. 1308 (VB), 2019 WL 3429509 (S.D.N.Y. Jul. 30, 2019) .................. 9-10

*Descamps v. United States,*
  570 U.S. 254 (2013) ................................................................................................ 7

*Johnson v. United States,*
  135 S. Ct. 2552 (2015) ............................................................................................ 5

*Salinas v. United States,*
  522 U.S. 52 (1997) .................................................................................................. 9

*Schriro v. Summerlin,*
  542 U.S. 348 (2004) .............................................................................................. 11

*Sessions v. Dimaya,*
  138 S. Ct. 1204 (2018) ......................................................................................... 3-5

*Shepard v. United States,*
  544 U.S. 13 (2005) .................................................................................................. 7

*Taylor v. United States,*
  495 U.S. 575 (1990) ................................................................................................ 6

*United States v. Acosta,*
  470 F.3d 132 (2d Cir. 2006) ................................................................................... 7

*United States v. Arrington,*
  2019 WL 5276747 (2d Cir. Oct. 18, 2019) ............................................................ 9

*United States v. Barrett,*
  937 F.3d 126 (2d Cir. 2019) ........................................................................ 7, 10-11

*United States v. Davis,*
  139 S. Ct. 2319 (2019) ................................................................................. *passim*

*United States v. Davis,*
  No. 13-50368, 2019 WL 3991883 (9th Cir. Aug. 23, 2019) ................................. 10

*United States v. Dibiase,*
  No. 12 Cr. 834 (ER) (S.D.N.Y. Jul. 24, 2019) ...................................................... 10

*United States v. Elder,*
  88 F.3d 127 (2d Cir. 1996) .............................................................................. 10-11

*United States v. Johnson,*
   No. 16 Cr. 281 (PGG), 2019 WL 4451320 (S.D.N.Y. Sep. 17, 2019) ...................... 9

*United States v. Jones,*
   935 F.3d 266 (5th Cir. 2019) ................................................................................ 10

*United States v. Kroll,*
   918 F.3d 47 (2d Cir. 2019) ..................................................................................... 7

*United States v. Pizzonia,*
   577 F.3d 455 (2d Cir. 2009) ................................................................................... 9

*United States v. Rosa,*
   507 F.3d 142 (2d Cir. 2007) ................................................................................... 7

*United States v. Scott,*
   681 F. App'x 89 (2d Cir. 2017) ......................................................................... 10-11

*United States v. Torres,*
   No. 13 Civ. 7885 (DC), 2014 WL 12727208 (S.D.N.Y. Jan. 13, 2014) ................... 6

*Welch v. United States,*
   136 S. Ct. 1257 (2016) ...................................................................................... 5, 11

*Woods v. United States,*
   No. 16 Civ. 6413 (MAT), 2019 WL 3859027 (W.D.N.Y. Aug. 16, 2019) .............. 10

**Statutes**

18 U.S.C. § 16 ................................................................................................................ 5
18 U.S.C. § 924(c) ................................................................................................. *passim*
18 U.S.C. § 1962(d) .............................................................................................. *passim*
18 U.S.C. § 2255 ................................................................................................... *passim*
21 U.S.C. § 846 .............................................................................................................. 1

Defendant Jafar Borden submits this memorandum in support of a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c), based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

Mr. Borden pled guilty to two offenses: a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and the use of a firearm in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Davis* renders Mr. Borden's § 924(c) conviction invalid because it was based on that statute's unconstitutional residual provision. Without this provision, RICO conspiracy is not a "crime of violence" for purposes of § 924(c). Accordingly, Mr. Borden's § 924(c) conviction must be vacated.

## BACKGROUND

### A.  Mr. Borden's Conviction and Sentence

In April 2016, Jafar Borden and over sixty co-defendants were charged in a superseding indictment for offenses connected to the defendants' alleged involvement with "Big Money Bosses," a street gang operating in the Bronx. Count One of the indictment charged Mr. Borden and others with a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO conspiracy), as prohibited by 18 U.S.C. § 1962(d). Count Two charged certain defendants with a narcotics conspiracy, in violation of 21 U.S.C. § 846. Count Three charged certain defendants with distribution of drugs near school grounds, in violation of 21 U.S.C. § 846. Finally, Count Four charged the use and discharge of firearms in connection with the conspiracies charged in Count One and Count Two, in violation of 18 U.S.C. § 924(c)(1)(A). Mr. Borden was named in Counts One and Four only.

In December 2016, Mr. Borden agreed to plead guilty to Counts One and Four, pursuant to a written plea agreement with the government. A copy of this plea agreement is attached as *Exhibit A*.

The Court conducted a plea allocution on December 7, 2016. A transcript of that allocution (cited as "Tr.") is attached as *Exhibit B*. During the allocution, the Court advised Mr. Borden that he was pleading guilty to charges of "participating in a racketeering conspiracy in violation of 18 U.S.C. 1962(d) [Count One]" and "using, carrying, or possessing firearms during and in relation to the racketeering conspiracy that's charged in Count One [Count Four]." Tr. 8-9.

> The government recited the elements of these offenses, in relevant part:
>
> With respect to Count One, … first, that there was an agreement among two or more people to participate in an enterprise that would affect interstate commerce, through a pattern of racketeering activity; second, that the defendant knowingly and willfully became a member of that conspiracy; and third, that the defendant or another member of the conspiracy agreed to commit at least two racketeering acts.
>
> With respect to the second count, … first, that the defendant committed a crime of violence for which he could be prosecuted in a court of the United States – here, that crime of violence is the racketeering conspiracy charged in Count One … second, that the defendant used or carried a firearm during and in relation to … that crime of violence ….

Tr. 9. Near the conclusion of his allocution, Mr. Borden proffered, in relevant part:

> Big Money Bosses was a gang that operated in the northern Bronx. BMB and its members engaged in criminal activities. I agreed and conspired with others and members of the gang to commit at least two acts of criminal offenses that benefited myself and others and enhanced and promoted the gang. The crimes I committed were robbery and attempted robbery, all violating New York State law.
>
> On October 30, 2009, I, accompanied by other gang members, entered a store location on 902 East Gun Hill Road in the Bronx, surrounded a

> civilian and forcibly demanded money and searched his pockets and fled the scene.
>
> In another incident on September 23, 2009, I, accompanied by other gang members, entered a store location at 939 Tilden Street in the Bronx and forcibly removed property from a civilian – a cellphone.
>
> On 11/2/2012, I, accompanied by other gang members, entered a store location at 4238 White Plains Road in the Bronx and, along with others, took $600 from a store cash register.
>
> And on July 9, 2013, I went to the vicinity of 3647 Holland Avenue in the Bronx. At the time I used and carried a firearm – I used and carried a firearm with the intention of committing a violent crime – attempted murder. I possessed a firearm in furtherance of the RICO conspiracy that I was part of.

Tr. 19-20. The Court accepted Mr. Borden's guilty plea.

Mr. Borden was sentenced on May 19, 2017. His § 924(c) conviction carried a mandatory minimum term of 60 months, to be served consecutively to any other sentence. For both counts, the Court imposed a total sentence of 108 months' imprisonment, with a reduction pursuant to U.S.S.G. § 5G1.3(b) for time that Mr. Borden had spent incarcerated for relevant conduct. He is currently serving this sentence and is scheduled to be released in March 2022.

### B. Post-Conviction Proceedings

Mr. Borden did not file any direct appeal of his conviction. In July 2018, he sent the Court a letter seeking assistance and relief based on the Supreme Court's decision in *Sessions v. Dimaya*. *See* ECF Docket No. 2319. The Court construed this letter as a pro se motion pursuant to 18 U.S.C. § 2255 and ordered the government to respond within 60 days. *See id.*

On October 9, 2018, the government filed an opposition to Mr. Borden's pro se motion. *See* ECF Docket No. 2381. Among other responses, the government asserted that Mr. Borden's motion was "meritless under the law of this Circuit, including the recent decision in *United States v. Barrett*, -- F.3d --, 2018 WL 4288566 (2d Cir. Sep. 10, 2018)." *Id.* at 2. The government also argued that Circuit cases predating *Barrett* found that RICO conspiracy was a crime of violence if the alleged predicate acts were crimes of violence. *See id.* at 9. As a result, the government asserted that "*Dimaya*'s holding … does not implicate Borden's conviction."[1] *Id.* The Court has not yet ruled on this pending motion.

On June 24, 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), discussed below. By order dated September 13, 2019, this Court appointed the Federal Defenders of New York to represent Mr. Borden "for the purpose of determining eligibility for relief under *Davis*." The defense now submits this memorandum based on the *Davis* ruling.

### C. The Supreme Court's Decision in *United States v. Davis*

Mr. Borden pled guilty to a RICO conspiracy and to violating 18 U.S.C. § 924(c)(1)(A)(i) by using and carrying a firearm in connection with that conspiracy. Section 924(c)(1)(A)(i) states, in relevant part:

---

[1] The government raised additional arguments in opposition to Mr. Borden's pro se motion. It is not clear to what extent the government will continue to rely on or assert any of these arguments. The defense reply to the government's arguments will be set forth in our actual reply to the government's opposition to this memorandum, in accordance with the new briefing schedule set by the Court.

> any person who, during and in relation to any crime of violence … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, … shall, in addition to the punishment provided for such crime of violence … (i) be sentenced to a term of imprisonment of not less than 5 years ….

Section 924(c)(3) defines a "crime of violence" as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is known as the "elements" or "force" clause and § 924(c)(3)(B) is known as the "residual" clause.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held § 924(c)(3)(B) unconstitutionally vague. The Court recognized that it had already invalidated two statutes "that bear more than a passing resemblance" to § 924(c)'s residual clause. *Davis*, 139 S. Ct. at 2325. First, in *Johnson v. United States*, 135 S. Ct. 2552 (2015), the Court struck down a similarly-worded clause of the Armed Career Criminal Act (ACCA), as unconstitutionally vague.[2] Then, in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018), the Court held unconstitutional a similar clause in 18 U.S.C. § 16's definition of a crime of violence.

Following these decisions, and affirming that, "[i]n our constitutional order, a vague law is no law at all," the Supreme Court held § 924(c)(3)(B)'s residual clause

---

[2] The following term, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson* announced a new "substantive rule that has retroactive effect in cases on collateral review."

5

unconstitutionally vague. *Davis*, 139 S. Ct. at 2324. In the Court's words, it "provides no reliable way to determine which offenses qualify as crimes of violence." *Id.*

As part of its ruling, the *Davis* Court also rejected the government's argument that it could avoid invalidating this provision by abandoning the Court's long-standing "categorical" approach to crime-of-violence predicates and instead examining "the 'defendant's actual conduct' in the predicate offense." *See id.* at 2327. Reviewing the text, context, and history of § 924(c), the Court found no support for the "government's newly minted case-specific theory." *Id.* The Court affirmed that courts should continue to use the categorical approach to decide if an offense qualifies as a crime of violence for purposes of § 924(c). *See id.* at 2328-36.

## ARGUMENT

### I. Applicable Law

#### A. The Standard for Relief Under 28 U.S.C. § 2255

A federal prisoner may challenge his conviction under 28 U.S.C. § 2255 if it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Where a judgment is found "vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A court may act on this motion "without requiring the production of the prisoner." 28 U.S.C. § 2255(c); *see also United States v. Torres*, 13 Civ. 7885 (DC), 2014 WL 12727208, at *1 (S.D.N.Y. Jan. 13, 2014).

### B. The Categorical Approach to Crimes of Violence

To determine whether an offense is a crime of violence for purposes of § 924(c), courts use a categorical approach. *See, e.g.*, *Davis*, 139 S. Ct. at 2327; *United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019) (vacating § 924(c) conviction predicated on Hobbs Act conspiracy because the decision whether an offense is a crime of violence "must be made categorically" and offense did not categorically qualify).

Under the categorical approach, courts may "'look only to the statutory definitions'—*i.e.*, the elements" of an offense and "*not* 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575 (1990)); *see also United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006). "The key … is elements, not facts." *Descamps*, 570 U.S. at 261.

To determine the elements of a particular offense, a court consults the law itself and, to the extent that a law is divisible, a limited number of case-specific documents. *See, e.g.*, *Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Kroll*, 918 F.3d 47, 54-55 (2d Cir. 2019). These so-called *Shepard* documents include the defendant's indictment, plea agreement, plea colloquy, or jury instructions; they do not include other documents, such as police reports, a bill of particulars, or presentence reports. *See, e.g.*, *Shepard*, 544 U.S. at 16; *United States v. Rosa*, 507 F.3d 142, 154-56 (2d Cir. 2007). The documents are consulted only to determine the elements of the offense of which a defendant was convicted, not the facts of the case.

## II.     Mr. Borden's § 924(c) conviction should be vacated.

After *Davis*, Mr. Borden's conviction under 18 U.S.C. § 924(c) is legally invalid and must be vacated. Mr. Borden pled guilty to using and carrying a firearm in connection with a RICO conspiracy. RICO conspiracy qualified as a crime of violence under § 924(c)(3)(B)'s residual clause. But the Supreme Court has held that clause unconstitutionally vague. In addition, the *Davis* Court reaffirmed that courts must use a categorical approach to determine if an offense is a crime of violence, and RICO conspiracy is not categorically a violent crime under § 924(c)(3)(A)'s elements clause: like Hobbs Act conspiracy and other conspiracies, RICO conspiracy does not have an element involving the use or threatened use of force. It is therefore not a crime of violence. Because Mr. Borden's § 924(c) conviction is based on an unconstitutional provision of law, it should be vacated.

First, Mr. Borden plainly plead guilty to § 924(c) based on the use of a gun in connection with a RICO conspiracy. At his plea allocution, the Court and the government specifically stated that his plea was for carrying and using a gun in connection with the RICO conspiracy charged in Count One. *See* Tr. 8-9. This is also confirmed in the parties' written plea agreement. *See Exhibit A*.

Next, following *Davis*, the Court should find that a racketeering conspiracy is not a qualifying crime of violence. In order to be a crime of violence for purposes of § 924(c), an offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). RICO conspiracy does not have such an element.

8

The Second Circuit has stated the elements of a RICO conspiracy, 18 U.S.C. § 1962(d), as follows: "To prove a RICO conspiracy, the Government need not establish the existence of an enterprise, … or that the defendant committed any predicate act …. It need only prove that the defendant knew of, and agreed to, the general criminal objective of a jointly undertaken scheme." *United States v. Arrington*, -- F.3d --, 2019 WL 5276747, at *6 (2d Cir. Oct. 18, 2019) (internal citations omitted); *see also Salinas v. United States*, 522 U.S. 52, 63 (1997) (discussing RICO conspiracy and finding no overt act requirement); *United States v. Pizzonia*, 577 F.3d 455, 463 (2d Cir. 2009) (stating that RICO conspiracy is a conspiracy to participate in the charged enterprise's affairs and not a conspiracy to commit predicate acts).

In other words, the elements include only that the defendant entered an agreement to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity, *see Arrington*, 2019 WL 5276747 at *6— the government does not need to prove any act beyond that agreement.

There is thus no element involving the threatened, attempted, or actual use of physical force against the person or property of another. Accordingly, a racketeering conspiracy is not a crime of violence for purposes of § 924(c). *See, e.g.*, *United States v. Johnson*, 16 Cr. 281 (PGG), 2019 WL 4451320, at *27-28 (S.D.N.Y. Sep. 17, 2019) (noting that the government "concedes that, in light of *Davis*, racketeering conspiracy can no longer constitute a crime of violence" and vacating § 924(c) conviction related to racketeering conspiracy, despite government argument that conviction could also have been based on narcotics conspiracy); *Davis v. United States*, No. 18 Civ. 1308

(VB), 2019 WL 3429509, at *8-9 (S.D.N.Y. Jul. 30, 2019) (granting § 2255 motion to vacate § 924(c) conviction based on RICO conspiracy and ordering resentencing); *Woods v. United States*, No. 16 Civ. 6413 (MAT), 2019 WL 3859027, at *1-2 (W.D.N.Y. Aug. 16, 2019) (same); *United States v. Daniel Dibiase*, No. 12 Cr. 834 (ER), ECF Docket No. 184 (S.D.N.Y. Jul. 24, 2019) (government letter agreeing to vacate § 924(c) conviction predicated on RICO conspiracy, following *Davis*); *see also United States v. Jones*, 935 F.3d 266, 271 (5th Cir. 2019) (holding "RICO conspiracy is not a crime of violence" and vacating § 924(c) trial convictions); *United States v. Davis*, No. 13-50368, 2019 WL 3991883, at *2 (9th Cir. Aug. 23, 2019) (vacating § 924(c) conviction predicated on RICO conspiracy and ordering resentencing).

A racketeering conspiracy is not a crime of violence under § 924(c)(3)(A)'s force clause for the same reasons that many conspiracies are not: conspiracy offenses require only an agreement to commit certain actions, and not the actual, attempted, or even threatened commission of the actions. The conspiracy offense therefore does not have an element involving the actual or threatened use of force *See, e.g.*, *Barrett*, 937 F.3d at 128 (holding that Hobbs Act conspiracy is not a crime of violence post-*Davis*). This is true even if a court finds that a particular defendant's conduct *in fact* involved violence. *See id.*

For this reason, and as the Circuit in *Barrett* recognized, *Davis* effectively abrogates prior Second Circuit decisions that "treat conspiracy generally as a crime of violence if at least one of its objects is committing a crime of violence," *see United States v. Scott*, 681 F. App'x 89, 95 (2d Cir. 2017) (citing *United States v. Elder*, 88

10

F.3d 127 (2d Cir. 1996)). Thus, even though substantive Hobbs Act robbery is a crime of violence for purposes of § 924(c), conspiracy to commit Hobbs Act robbery is not. *See Barrett*, 937 F.3d at 128-29. As the Circuit recognized, its prior reasoning on this issue depended on "*both* § 924(c)(3)(A) and § 924(c)(3)(B)," meaning that it "'still necessarily depends' in part on § 924(c)(3)(B)." *Barrett*, 937 F.3d at 129 (quoting government brief). But *Davis* holds that this provision is "no longer valid in any form," meaning that this prior reasoning must be abandoned. *See id.*

In sum, it is clear that Mr. Borden's conviction for illegally using a gun in furtherance of a RICO conspiracy was based on § 924(c)(3)(B)'s residual clause. Because this clause is unconstitutional, and RICO conspiracy is not a valid predicate under the force clause, Mr. Borden's § 924(c) conviction should be vacated.

Finally, the Court should recognize that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. For these purposes, *Davis* is indistinguishable from the Supreme Court's 2015 *Johnson* decision, which the Court held retroactive. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *see also Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (stating that "decisions that narrow the scope of a criminal statute" apply retroactively). Like *Johnson*, *Davis* is a new substantive rule, narrowing the scope of a criminal statute on constitutional grounds. If this ruling applied prospectively only, this would create "a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Summerlin*, 542 U.S. at 352. *Davis* thus applies retroactively.

11

## CONCLUSION

For all of these reasons, the Court should grant the defense's motion pursuant to 18 U.S.C. § 2255 and vacate Mr. Borden's § 924(c) conviction.

Dated: New York, New York
November 13, 2019

    Respectfully submitted,
    Federal Defenders of New York

    By: _/s/ Sarah Baumgartel____
    Sarah Baumgartel, Esq.
    Assistant Federal Defender
    Federal Defenders of New York
    52 Duane St., 10th Fl.
    New York, NY 10007
    T: (212) 417-8772